[No. 34216. Department Two. October 3, 1957.]

*In the Matter of the Estate of* BLANCHE FUNK MILLER, *Deceased.*

THE STATE OF WASHINGTON, *Appellant*, v. MARTHA I. PARSHALL *et al., Respondents.*[1]

*The Attorney General* and *Henry W. Wager, Assistant,* for appellant.

*Metzger, Blair & Gardner,* for respondent.

PER CURIAM. — The question here for our decision is whether the Federal estate tax on the decedent's estate, which was subject to both the Federal estate tax and the state inheritance tax, is to be paid from the residue of the estate or from specific bequests as directed by the will.

[1]Reported in 316 P. (2d) 124.

There is no contest between the beneficiaries, who are in classes B and C (RCW 83.08.030, 83.08.040). The inheritance tax division alone appeals.

RCW 83.40.050 provides in part as follows:

"In all estates the amount of the federal estate tax, as paid by the estate, shall be deducted as a claim or indebtedness against the estate: . . ."

The attorney general contends that the entire Federal estate tax is deductible from the residue, which results in a larger state inheritance tax. His argument is:

"This statute by its plain terms means that the Federal estate tax must be deducted from the residue as is any other debt of the decedent and a testator cannot by the terms of his will change that, as was attempted in this case by paragraph 'tenth' of the will."

Paragraph No. 10 of the will provides:

"I herewith provide that the Inheritance Tax due and payable either to the State of Washington or Federal Government shall be deducted from the respective bequests except those amounts received as devisees of Insurance Policies;"

Respondent, on the other hand, argues, and the trial court decided, that the will controls. We agree.

We find nothing in the statute to sustain the argument that the quoted statute prohibits testamentary direction for payment of the Federal estate tax from anything but the residual estate. We said in *Seattle-First Nat. Bank v. Macomber*, 32 Wn. (2d) 696, 203 P. (2d) 1078:

"Our state has no apportionment statute with regard to the Federal estate tax, although there is direction as to the incidence of our inheritance tax in Rem. Supp. 1943, § 11202 and Rem. Rev. Stat., § 11209 [P.P.C. §§ 974-21, -45]."

We there held:

"The wishes and intention of the testator must govern. Here is language which is clear and specific. He wanted the stock to go to the legatee free and clear. This court has held that such a provision will be given effect. *In re Belknap's Estate*, 12 Wn. (2d) 643, 123 P. (2d) 358. It was his own property and he could dispose of it as he saw fit."

██ We have no statute which precludes a person by will from requiring each beneficiary to pay his share of the Federal estate tax, and the supreme court of New Mexico recently held in *In re Gallagher's Will,* 57 N. M. 112, 255 P. (2d) 317, 37 A. L. R. (2d) 149:

"It is universally recognized the testator has the right by his direction to make the federal estate tax payable from any portion of his estate he may designate."

. The judgment is affirmed.